# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| KAHLIA J. ENGLISH,<br>      Plaintiff, | Case No. 1:20-cv-884 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| JIM NEIL, et. al,<br>      Defendants. | **REPORT AND<br>RECOMMENDATION** |

Plaintiff, a prisoner at the Hamilton County Justice Center (HCJC), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against defendants Sheriff Jim Neil, HCJC, and L.T. Ms. Reed.  On December 17, 2020, the Court entered a Report and Recommendation to dismiss the complaint with prejudice, with the exception of plaintiff's claims against defendant Reed.  (Doc. 13).  The Report and Recommendation is pending before the District Court.  The matter is now before the Court on plaintiff's motion for leave to amend the complaint to reinstate his claims against defendants HCJC and Sheriff Neil.  (Doc. 18).  The Court construes plaintiff's motion as a motion for reconsideration and **RECOMMENDS** that it be **DENIED** for the reasons below.

As explained in the December 17, 2020 Report and Recommendation, § 1983 provides that "[e]very person who, under the color of any statute . . .  subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."  42 U.S.C. § 1983.  A correctional facility is not a "person" subject to suit under § 1983.  *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983).  *See, e.g.*, *Aladimi v. Hamilton Cnty. Justice Center*, No. 1:09-cv-398, 2012 WL 292587, at *7 (S.D. Ohio Feb. 1, 2012) (finding that the Hamilton

County Justice Center was not a person subject to suit), *adopted,* 2020 WL 529585 (S.D. Ohio Feb. 17, 2012). Thus, HCJC is not a proper defendant to this action.

Further, as the Court found in its December 17, 2020 Report and Recommendation (Doc. 13), even liberally construing the complaint as against Hamilton County itself, plaintiff does not allege that his constitutional rights were violated pursuant to a county policy. *See Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690 (1978). To the contrary, plaintiff alleges that the violations of his rights occurred because defendant Reed did *not* follow protocol. (Doc. 12 at PageID 154-55).[1]

Nor has plaintiff provided a basis for the Court to reconsider its recommendation to dismiss plaintiff's claims against Sheriff Neil. Plaintiff does not include any factual allegations against defendant Neil in the complaint but instead seeks to hold him liable upon a theory of *respondeat superior.* However, the doctrine of *respondeat superior* does not apply in § 1983 lawsuits to impute liability onto supervisory personnel. *Wingo v. Tennessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981)). To state a claim against a supervisor, the plaintiff must allege that the supervisor was "somehow personally involved in the unconstitutional activity of a subordinate, . . . or at least acquiesced in the alleged unconstitutional activity of a subordinate." *Id.* (citing *Dunn v. Tennessee*, 697 F.2d

---

[1]Neither plaintiff's complaint nor his motion for reconsideration contains a failure-to-train claim against defendants. However, even if plaintiff had raised such a claim, his conclusory reference to the violation of a prison protocol without more would be insufficient to support a claim for failure to train. *See, e.g.*, *Rowland v. City of Memphis, Tenn.*, No. 2:13-cv-02040, 2013 WL 2147457, at *5 (W.D. Tenn. May 15, 2013) (finding the plaintiff's allegations to be conclusory "because they simply assume that an unlawful seizure or disposal of property must be the result of the City's failure to train or the City's policies and procedures."). *See, e.g., Biggin v. Ohio*, No. 3:17-cv-2193, 2019 WL 3500921, at *7 (N.D. Ohio Aug. 1, 2019) ("Plaintiff's conclusory allegations, utterly devoid as they are, of any *factual* underpinning, simply cannot sustain a policy/practice failure to train claim."); *Austin v. City of Cincinnati*, No. 1:15-cv-608, 2015 WL 5680382, at *3 (S.D. Ohio Sept. 25, 2015) (finding "plaintiff's conclusory allegations of an 'implicit or explicit' unidentified policy and of a failure to train and supervisor, without more, fail to state" a plausible claim under § 1983), *report and recommendation adopted*, 2016 WL 1718264 (S.D. Ohio Apr. 28, 2016).

121, 128 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). Plaintiff has made no such allegation.

Accordingly, in sum, plaintiff's motion for reconsideration (Doc. 18) should be **DENIED**.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's motion for reconsideration (Doc. 18) be **DENIED.**

2. The Court's December 17, 2020 Report and Recommendation (Doc. 13) be adopted in its entirety.

Date: 1/29/2021

Karen L. Litkovitz
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

KAHLIA J. ENGLISH,
    Plaintiff,

vs.

JIM NEIL, et. al,
    Defendants.

Case No. 1:20-cv-884

Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).