UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| KAHLIA J. ENGLISH,<br>    Plaintiff, | Case No. 1:20-cv-884 |
| vs. | Black, J.<br>Litkovitz, M.J. |
| JIM NEIL, et. al,<br>    Defendants. | **ORDER AND REPORT<br>AND RECOMMENDATION** |

Plaintiff, a prisoner at the Hamilton County Justice Center (HCJC), has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983.  On December 17, 2020, the Court entered a Report and Recommendation to dismiss the complaint with prejudice, with the exception of plaintiff's claims against defendant Reed.  (Doc. 13).  On January 29, 2021, the Court entered a Report and Recommendation (Doc. 19) to deny plaintiff's motion for reconsideration (Doc. 18). The preceding Reports and Recommendations are pending before the District Court.

The matter is now before the Court on plaintiff's motions to afford him access to the HCJC law library (Doc. 10) and for appointment of counsel (Doc. 16).  The Court will address plaintiff's motion for appointment of counsel (Doc. 16) first.

## MOTION FOR APPOINTMENT OF COUNSEL

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs.  The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances.  *Id.* at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003).  Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf.  The Court makes every effort to appoint counsel in those cases which proceed to trial,

and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case. Therefore, plaintiff's motion to appoint counsel (Docs. 16) is **DENIED**.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff also seeks an injunction providing him access to the HCJC law library. (Doc. 10). In determining whether to issue a preliminary injunction/temporary restraining order, this Court must balance the following factors:

1. Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Liberty Coins, LLC v. Goodman*, 748 F.3d 682, 689-90 (6th Cir. 2014); *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citing *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000)). The four factors are not prerequisites but must be balanced as part of a decision to grant or deny injunctive relief. *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985). "[A] district court is not required to make specific findings concerning each of the four factors used in determining a motion for preliminary injunction if fewer factors are dispositive of the issue." *Jones v. City of Monroe*, 341 F.3d 474, 476 (6th Cir. 2003), *abrogated on other grounds by Anderson v. City of Blue Ash*, 798 F.3d 338, 357 (6th Cir. 2015).

"The purpose of a preliminary injunction is to preserve the status quo until a trial on the merits." *S. Glazer's Distributors of Ohio, LLC v. Great Lakes Brewing Co.*, 860 F.3d 844, 848-49 (6th Cir. 2017) (citing *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)). When a prisoner

requests an order enjoining a state prison official, the Court must "proceed with caution and due deference to the unique nature of the prison setting." *White v. Corr. Med. Servs.*, No. 1:08-cv-277, 2009 WL 529082, at *2 (W.D. Mich. Mar. 2, 2009) (citing *Kendrick v. Bland*, 740 F.2d 432, 438 n. 3 (6th Cir. 1984); *Ward v. Dyke*, 58 F.3d 271, 273 (6th Cir. 1995)).  In deciding if a preliminary injunction is warranted, the Court must "weigh carefully the interests on both sides." *Lang v. Thompson*, No. 5:10-cv-379-HRW, 2010 WL 4962933, at *4 (E.D. Ky. Nov. 30, 2010) (citing *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975)).  A preliminary injunction is an extraordinary remedy that should only be granted "upon a clear showing that the plaintiff is entitled to such relief." *S. Glazer's Distributors of Ohio, LLC*, 860 F.3d at 849 (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)); *see also Overstreet*, 305 F.3d at 573.

Plaintiff has not alleged facts sufficient to warrant a preliminary injunction in this case.  His motion for access to the law library (Doc. 10) is conclusory.  Further, plaintiff has not made any attempt to apply the above factors to his situation.

Moreover, in *Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010), the Sixth Circuit explained:

> "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Devose v. Herrington,* 42 F.3d 470, 471 (8th Cir.1994).  This is because "[t]he purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the movant contends [he] was or will be harmed through the illegality alleged in the complaint." *Omega World Travel, Inc. v. Trans World Airlines,* 111 F.3d 14, 16 (4th Cir.1997).  Colvin had no grounds to seek an injunction pertaining to allegedly impermissible conduct not mentioned in his original complaint.

*Colvin*, 605 F.3d at 300.  Because plaintiff's allegations for injunctive relief are unrelated to the failure-to-protect claim in his complaint, they do not warrant the entry of a preliminary injunction in this matter. *See id*. *See, e.g., Sanford v. Schofield*, No. 1-13-00023, 2015 WL

3

6755366, at *1 (M.D. Tenn. Nov. 4, 2015) (denying similar motion seeking access to prison law library).

Accordingly, for the reasons stated above, it is **RECOMMENDED** that plaintiff's request for a preliminary injunction (Doc. 10) be **DENIED.**

### IT IS THEREFORE ORDERED:

That plaintiff's motion for appointment of counsel (Doc. 16) is **DENIED.**

### IT IS THEREFORE RECOMMENDED:

That plaintiff's motion for preliminary injunction (Doc. 10) be **DENIED.**

Date: 2/1/2021

Karen L. Litkovitz
United States Magistrate Judge

4

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

KAHLIA J. ENGLISH,  
    Plaintiff,

vs.

JIM NEIL, et. al,  
    Defendants.

Case No. 1:20-cv-884

Black, J.  
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).