UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KAHLIA J. ENGLISH,
    Plaintiff,

vs.

JIM NEIL, *et al.*,
    Defendants.

Case No. 1:20-cv-884
Black, J.
Litkovitz, M.J.

**ORDER**

    This matter is before the Court on plaintiff's motions for release of information under the Freedom of Information Act ("FOIA") (Docs. 28 and 40), plaintiff's motions for an order of damages against defendant Reed (Docs. 30, 32, 34 and 39), and plaintiff's motions for assistance and/or appointment of counsel (Docs. 31 and 37). No responses have been filed as the Court's electronic filing system indicates that the remaining defendant, L.T. Ms. Reed, has not yet been served with the summons and complaint.

    **I.**    **Background**

    Plaintiff Kahlia English, a former prisoner at the Hamilton County Justice Center ("HCJC"), filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. English alleges that defendant L.T. Ms. Reed failed to protect him from two violent attacks, even though Reed knew that English's former cellmate threatened to kill English if the other inmate was not given a single cell. On April 8, 2021, the District Judge adopted the undersigned's December 17, 2020 Report and Recommendation to dismiss the complaint with prejudice, with the exception of plaintiff's claims against defendant L.T. Ms. Reed. (Doc. 29).

    On December 17, 2020, summons was issued to defendant L.T. Ms. Reed. (Doc. 14). On March 22, 2021, the summons issued to defendant L.T. Ms. Reed was returned as

"attempted-not known" and unexecuted. (Doc. 26). On September 7, 2021, the Court issued an Order to plaintiff to show cause why the complaint should not be dismissed for lack of service upon defendant L.T. Ms. Reed. (Doc. 33). On September 15, 2021, plaintiff responded to the Court's order asking that the case not be dismissed because defendant L.T. Ms. Reed was promoted and "is now a major here at the justices (sic) center." (Doc. 35). Plaintiff alleges that defendant L.T. Ms. Reed is now "Major Reed." (*Id*.).

Although English is no longer an inmate at the HCJC, he remains incarcerated. In addition, he indicates that his reading and writing skills are at approximately a sixth-grade level. (Doc. 31). Although he has filed eight motions (Docs. 28, 30, 31, 32, 34, 37, 39, and 40), his motions make three repeated requests: (1) order that various agencies (including the Federal Bureau of Investigation and the bar associations of Ohio and Florida) provide him with information related to his former (and now deceased) criminal defense attorney, Mary Jill Hugan (Docs. 28 and 40); (2) appoint him an attorney (Docs. 31 and 37); and (3) award damages in the amount of $250,000 to $1,000,000 against defendant Reed for the injuries he suffered while at the HCJC (Docs. 30, 32, 34, and 39).

II. **Freedom of Information Act Requests**

The FOIA obligates agencies of the United States government to make their records "promptly available to any person," except those records specifically exempt from disclosure. *See* 5 U.S.C. § 552(a)(3). The FOIA vests jurisdiction in the district court to enjoin an "agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 139 (1980) (quoting 5 U.S.C. § 552(a)(4)(B)). To establish jurisdiction under the

2

FOIA, the plaintiff must show that the agency (1) "improperly" (2) "withheld" (3) "agency records." *Id.* at 150 (*quoting* 5 U.S.C. § 552(a)(4)(B)).

The FOIA requires an individual to exhaust all administrative remedies before filing a judicial action. *Auto All. Intern., Inc. v. U.S. Cust. Serv.*, 155 F. App'x 226, 228 (6th Cir. 2005); *Fields v. Internal Revenue Service,* No. 12-14753, 2013 WL 3353921, at *3 (E.D. Mich. July 3, 2013) (citations omitted). The exhaustion requirement is satisfied when either: (1) the individual submits a FOIA request and administratively appeals any adverse determinations, or (2) the agency fails to respond to a FOIA request within the time limits articulated in the Act. *Fields,* 2013 WL 3353921, at *4; *see* 5 U.S.C. § 552(a)(6)(C)(i). The FOIA imposes the following time limits: (1) the agency must "determine" within 20 working days after "receipt" of a FOIA request "whether to comply with such request and shall immediately notify the person making the request" of its determination, the reasons for the decision, and the right of appeal if the decision is adverse; and (2) the agency must make a decision on appeal within 20 working days after receiving the administrative appeal. 5 U.S.C. § 552(a)(6)(A)(i), (ii).

In this case, English offers no indication that he made a formal FOIA request to any agency. He states that he contacted the FBI Field Office on Ronald Reagan Highway (Doc. 28 at PAGEID 230), but there is no evidence that he made a FOIA request or administratively appealed any adverse determination received.

In addition, English does not allege that the information sought regarding his former criminal defense attorney relates in any way to this case. Indeed, English specifically asks that his FOIA motions be filed under a separate case number rather than in the instant case. (Doc. 40 at PAGEID 284). To initiate a separate FOIA action, English must follow all required procedures, including filing a separate complaint. *See* Fed. R. Civ. P. 3. Accordingly, this Court

lacks jurisdiction to entertain English's FOIA requests, and his motions (Docs. 28 and 40) must be denied.

III. **Appointment of Counsel**

The law does not require the appointment of counsel for indigent plaintiffs in cases such as this, *see Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993), nor has Congress provided funds with which to compensate lawyers who might agree to represent those plaintiffs. The appointment of counsel in a civil proceeding is not a constitutional right and is justified only by exceptional circumstances. *Id*. at 605-06. *See also Lanier v. Bryant*, 332 F.3d 999, 1006 (6th Cir. 2003). Moreover, there are not enough lawyers who can absorb the costs of representing persons on a voluntary basis to permit the Court to appoint counsel for all who file cases on their own behalf. The Court makes every effort to appoint counsel in those cases that proceed to trial, and in exceptional circumstances will attempt to appoint counsel at an earlier stage of the litigation. No such circumstances appear in this case, however, and plaintiff's motions for the appointment of counsel (Docs. 31 and 37) must be denied.

IV. **Damages Award**

Plaintiff filed several motions for damages to be awarded. These motions are premature for several reasons. First, the defendant is not yet before the Court because, according to the electronic filing system, Reed has not yet been served.

Where, as here, the plaintiff is a pro se prisoner proceeding *in forma pauperis*, "the court is obligated to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants, thereby relieving a plaintiff of the burden to serve process once reasonable steps have been taken to identify for the court the defendants named in the complaint." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). In light of plaintiff's lessened

4

burden, the pertinent inquiry is whether plaintiff has taken "reasonable steps" to identify defendant L.T. Ms. Reed for the Court to facilitate service.

The Marshals Service attempted service on "L.T. Ms. Reed" several months ago, but the attempt was returned unexecuted and marked "attempted – not known." (Doc. 26 at PAGEID 224). In response to the Court's September 7, 2021 Order, plaintiff alleged that defendant L.T. Ms. Reed was promoted and is a now a Major at the HCJC. (Doc. 35). The Court then ordered plaintiff to submit a copy of his complaint, summons form, waiver of service of process form, and United States Marshal form for defendant "Major Reed." (Doc. 36).

It appears that the plaintiff completed those forms. (Doc. 37 at PAGEID 256-72). However, plaintiff attached those completed forms to his motion to grant relief and order for help along with other documents so the Clerk filed them as part of that motion. (Doc. 37). Because plaintiff complied with the Court's prior order, the Court will order service of process by the United States Marshal.

However, even if the remaining defendant had been properly served, the Court still would deny plaintiff's motions for damages. The defendant, once served, is entitled to mount a defense to plaintiff's allegations. Thus, no award of damages will be made unless and until both parties fully adjudicate this matter and plaintiff prevails at either summary judgment or at trial. Plaintiff is referred to this District's pro se handbook which should be accessible through his institution's law library or by visiting the Court's website at http://www.ohsd.uscourts.gov and clicking the tab marked "representing yourself."

**V.      Service of Process**

Plaintiff has identified (1) the defendant by her last name (Reed); (2) the defendant's rank (Major); and (3) the time, date, and location of the defendant on the day in question (the

afternoon of October 6, 2020, in HCJC unit South 32). Under these circumstances, if the HCJC is unable to identify the defendant to receive service, plaintiff should be given the opportunity to do limited discovery in order to identify the full name of this defendant. A recent decision from this Court, *Mincy v. Hamilton Cty. Just. Ctr.*, No. 1:20-cv-822, 2021 WL 5754729 (S.D. Ohio Dec. 3, 2021), is instructive in this regard.

In *Mincy*, the Court ordered service on Sheriff Charmaine McGuffey, the high-ranking official at the HCJC who could identify the defendants for whom the plaintiff provided only the last names of the defendants, for the limited purpose of conducting discovery to determine the identities of the defendants. *Id.* There, the plaintiff, who was incarcerated and proceeding pro se and *in forma pauperis*, filed a civil rights complaint under 42 U.S.C. § 1983 alleging that HCJC corrections officers used excessive force in violation of the plaintiff's constitutional rights. *Id.* at *1. Despite the plaintiff's reasonable efforts, the plaintiff could not identify the named defendants by their full names, which was required for proper service of process. *Id.* at *2-3.

The Court stated, "Although a district court is not obligated to actively seek out the name or address of a defendant so that service can be effectuated, a district court may undertake measures to discover the identity and address of an unserved defendant." *Id.* at *4 (citing *Fitts v. Sicker*, 232 F. App'x 436, 443-44 (6th Cir. 2007)). The Court found that the plaintiff took "reasonable steps to learn the Defendants' full names to provide the U.S. Marshal wi[th] sufficient information to effectuate service." *Id.* at *5. The Court stated that the plaintiff's "requests for assistance [were] appropriate in light of the facts of this case, i.e., a case brought by a pro se plaintiff who [was] proceeding *in forma pauperis*, [was] currently incarcerated, ha[d] identified the individual Defendants with sufficient particularity, and ha[d] taken reasonable

6

steps to learn the identities of the named Defendants." *Id*. (citing *Jessie v. Phaneuf*, No. 5:21-cv-11201, 2021 WL 4078653, at *1 (E.D. Mich. Sept. 8, 2021)).

The Court in *Mincy* acknowledged that the plaintiff could, among other options, submit a public records request under the Ohio Public Records Act to determine the identities of the defendants or direct the U.S. Marshal to make reasonable efforts to locate the full names of the defendants by the use of publicly available information. *Id*. at *5. The Court, however, reasoned that "adding Sherriff McGuffey as a party for the limited purpose of identifying the full names of the Defendants [was] the more pragmatic and expeditious option that preserve[d] both this Court's and the U.S. Marshal's limited resources while acknowledging the serious nature of the allegations that Plaintiff raise[d] in his complaint." *Id*. (citing cases). The Court cautioned the plaintiff that "he should continue to exercise diligence in attempting to procure additional information regarding the names and addresses of the remaining Defendants, in requesting additional time to serve Defendants, and in monitoring the activity in this case." *Id*. at *6.

Consistent with the Court's decision in *Mincy*, and under the circumstances of this case, if service upon Major Reed at the HCJC fails again, the Court will allow plaintiff to amend his complaint to name as defendant Sheriff Charmaine McGuffey, a high-ranking official who could identify the unknown defendant through discovery. Sheriff Charmaine McGuffey is in a position to know or determine the identity of the named defendant for whom plaintiff has provided a rank, gender, and last name, as well as the date and location within the jail. *See Id*. at *5-6. Upon discovery of the full name of defendant Major Reed, plaintiff will be required to amend his complaint to identify the defendant by her full name and Sheriff Charmaine McGuffey will be dismissed.

7

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's motions for release of information under the Freedom of Information Act (Docs. 28 and 40) are **DENIED**;

2. Plaintiff's motions for assistance and/or appointment of counsel (Docs. 31 and 37) are **DENIED**;

3. Plaintiff's motions for an order of damages against defendant Reed (Docs. 30, 32, 34 and 39) are **DENIED**;

4. It is **ORDERED** that the United States Marshal serve a copy of the complaint, summons, waiver of service of process form (Doc. 37 at PAGEID 256-272), and this Order upon defendant Major Reed **by regular U.S. Mail**, with such mail directed to the following:

**Kathleen H. Bailey, Esq.**
**Chief Assistant Prosecuting Attorney**
**Hamilton County Prosecutor's Office**
**230 E. 9th Street, Suite 4000**
**Cincinnati, OH  45202**

All costs of service shall be advanced by the United States.

Karen L. Litkovitz
Chief United States Magistrate Judge